IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 17 2010

GREGORY C. LANGHAM
                    CLERK

Civil Action No. 10-cv-02326-ZLW

STAN M. RAVINE,

    Applicant,

v.

WARDEN RAE TIMME, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DENYING MOTION TO RECONSIDER

---

Applicant, Stan M. Ravine, a prisoner in the custody of the Colorado Department of Corrections, filed a *pro se* letter on November 23, 2010. In the letter, he requests reconsideration of the Order of Dismissal and Judgment entered on November 5, 2010. The Court must construe the filing liberally because Mr. Ravine is a *pro se* litigant. *See* **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). The letter, therefore, will be construed as a Motion to Reconsider and will be denied for the reasons stated below.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Ravine filed the Motion to Reconsider within twenty-eight days after the Order of Dismissal and the Judgment were entered in the instant action. The

Court, therefore, finds that the Motion to Reconsider is filed pursuant to Rule 59(e). *See* Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. **See *Servants of the Paraclete v. Does*,** 204 F.3d 1005, 1012 (10th Cir. 2000). Upon consideration of the motion to reconsider and the entire file, the Court concludes that Mr. Ravine fails to demonstrate that any of the grounds justifying reconsideration exist in his case.

Mr. Ravine initiated this action by filing a *pro se* Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and Motion and Affidavit for Leave to Proceed Under 28 U.S.C. § 1915 on September 17, 2010. In an order entered on September 22, 2010, Magistrate Judge Boyd N. Boland directed the Clerk of the Court to commence a civil action and instructed Mr. Ravine to cure certain deficiencies if he wished to pursue his claims. Specifically, Magistrate Judge Boland ordered Mr. Ravine to submit a certificate showing his current prison account balance. Mr. Ravine was warned that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days.

Mr. Ravine submitted an inmate account statement to the Court on October 1, 2010. The statement, however, was deficient because it was not certified by either the warden or an appropriate officer at the facility where Mr. Ravine was incarcerated, as required by Rule 3 of the Rules Governing Section 2254 Cases in the United States District Courts. Accordingly, on November 5, 2010, the Court entered an order

dismissing Mr. Ravine's case without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for his failure to cure all of the noted deficiencies in the action.

Mr. Ravine appears to assert in his Motion to Reconsider that the Court did not inform him that he was required to submit a certified inmate account statement. However, Mr. Ravine was instructed in the Order to Cure Deficiencies that he must provide a certified statement showing the current balance in his inmate account. Furthermore, Page Two of the 28 U.S.C. § 1915 Prisoner's Motion and Affidavit form instructs inmates that they must attach a certificate from the warden or other officer stating how much money they have in their inmate account. Mr. Ravine simply failed to comply with this requirement. Mr. Ravine has not asserted any of the major grounds that would justify reconsideration in his case, and the Motion to Reconsider will be denied. *See Servants of the Paraclete*, 204 F.3d at 1012.

Mr. Ravine is reminded that the instant action was dismissed without prejudice, and he may, if he desires, seek to file a new action. Accordingly, it is

ORDERED that the letter filed by Plaintiff, Stan M. Ravine, on November 23, 2010, is construed as a Motion to Reconsider pursuant to Federal Rule of Civil Procedure 59(e), and is denied.

DATED at Denver, Colorado, this 16th day of December, 2010.

BY THE COURT:

*[signature]*

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02326-ZLW

Stan M. Ravine
Prisoner No. 141155
Fremont Corr. Facility
P.O. Box 999
Cañon City, CO 81215-0999

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on December 17, 2010.

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk